## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| GENERAL ACCESS SOLUTIONS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> VIRGIN MOBILE USA, L.P., BOOST MOBILE, LLC, SPRINT SPECTRUM L.P., <br><br> Defendants. | Case No. 2:20-cv-00007 <br><br> JURY TRIAL DEMANDED |

### AGREED AMENDED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, by and between the parties and by their respective undersigned counsel, that this Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties to each of the respective above-captioned actions.

Accordingly, based upon the agreement of the parties, IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Procedures shall be adopted for the protection of confidential and proprietary information:

**So ORDERED and SIGNED this 27th day of April, 2020.**


ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

## PROCEDURES FOR PROTECTION OF CONFIDENTIAL
## AND PROPRIETARY INFORMATION

1. <u>**DEFINITIONS**</u>

1.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

1.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) that contains or reflects confidential, proprietary, and/or commercially sensitive information.

1.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support staff).

1.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.5     <u>Disclosure or Discovery Material</u>: all items or information, including from any non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this case.

1.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the respective litigations who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in one or more of the above-captioned actions, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely confidential or sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could create risk of economic harm or significant competitive disadvantage to the Producing Party.

1.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items" representing computer code, scripts, assemblies, binaries, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler or other translator) including associated comments and revision histories, microcode, firmware, source code listings, and descriptions of source code, object code listings, and descriptions of object code, as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For the avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files,

1.9     In-House Counsel: attorneys who are employees of a Party to one of the above-captioned actions. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.10     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this case.

1.11     Outside Counsel of Record: means (i) attorneys who are not employees of a Party to an above-captioned action but are retained to represent or advise a Party to that action and have appeared on the pleadings as counsel for a Party and (ii) partners, associates, paralegals and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

1.12    Party: a party to this case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this case.

1.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order.

1.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 2.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior

to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained

the information lawfully and under no obligation of confidentiality to the Designating Party.

For clarity, nothing herein shall affect the right of the Designating Party to disclose to its

officers, directors, employees, attorneys, consultants or Experts, or to any other person, its own

information. Such disclosure shall not waive the protections of this Protective Order and shall not

entitle other Parties or their attorneys to disclose such information in violation of it, unless by such

disclosure of the Designating Party the information becomes public knowledge. Similarly, the

Protective Order shall not preclude a Party from showing its own information to its officers,

directors, employees, attorneys, consultants or experts, or to any other person, which information

has been filed under seal by another Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 3. **DURATION**

Even after final disposition of each of the above-captioned actions, the confidentiality

obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in

writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1)

dismissal of all claims and defenses in an action, with or without prejudice; and (2) final judgment

herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of

that action, including the time limits for filing any motions or applications for extension of time

pursuant to applicable law.

## 4. **DESIGNATING PROTECTED MATERIAL**

4.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or

Non-Party that designates information or items for protection under this Order must take care to

limit any such designation to material that qualifies under the appropriate standards. To the extent it

is practical to do so, the Designating Party must designate for protection only those parts of

material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in its respective action that it is withdrawing the mistaken designation.

4.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof,

qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted, or by sending written notice of how portions of the transcript of the testimony are designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded), or via written notice as mentioned above, a right to place the entirety of the testimony under the protection of this Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. Any Protected Material that is used in the taking of a deposition shall remain subject to this provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages

(including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(d)     where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.

4.3     <u>Inadvertent Failures to Designate</u>. If timely corrected after recognition by a Producing Party of an inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material, the Receiving

Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

4.4     <u>Right to Seek Additional Protections</u>. This Order is entered without prejudice to the right of any Party to seek additional protections from the Court as may be necessary under particular circumstances.

## 5.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original

designation is disclosed, and a failure to do so shall not preclude a subsequent challenge thereto at

any time prior to the final pretrial conference in this action. For the avoidance of doubt, any

designation challenge must be made prior to the final pretrial conference in this action.

     5.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process

by providing written notice of each designation it is challenging and describing the basis for each

challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

recite that the challenge to confidentiality is being made in accordance with this specific paragraph

of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

begin the process by conferring directly (in voice to voice dialogue; other forms of communication

are not sufficient) within 14 days of the date of service of notice. The Challenging Party shall have

the burden of conferring either in person, in writing, or by telephone with the Producing Party

claiming protection (as well as any other interested party) in a good-faith effort to resolve the

dispute. In conferring, the Challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party an opportunity to

review the designated material, to reconsider the circumstances, and, if no change in designation is

offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the

next stage of the challenge process only if it has engaged in this meet and confer process first or

establishes that the Designating Party is unwilling to participate in the meet and confer process in a

timely manner.

     5.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

intervention, the Challenging Party shall contact the Court pursuant to Section 4(f) of the

Scheduling Order within 21 days of the initial notice of challenge or within 14 days of the parties

agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each motion filed pursuant to this paragraph must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to contact the Court pursuant to Section 4(f) of the Scheduling Order, within 21 days (or 14 days, if applicable), or include the required declaration, shall automatically waive the confidentiality designation for each challenged designation.

The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation. If Discovery Material was properly shown to a person who would not be entitled to see it as re-classified, that person shall be advised that the Discovery Material has been reclassified and instructed not to use the Discovery Material for any purpose.

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1     Basic Principles. Absent further Order from the Court, the Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case solely for prosecuting, defending, or attempting to settle this case, and shall not be used directly or indirectly for any other purpose whatsoever. For the avoidance of doubt, the restrictions on use of Protected Materials apply equally to excerpts, summaries, compilations, or other derivatives of the Protected Materials. Such Protected Material may be disclosed only to the

categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

This Protective Order includes in its scope any documents, things, and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that are produced, disclosed, or filed in the above-captioned case ("the action"), by or on behalf of any Party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, deposition, a response to any type of written discovery, a submission to the Court, or otherwise. Nothing in this Order shall obligate any Party or non-party to produce any material to any other Party that it is not otherwise required to produce under the Federal Rules of Civil Procedure or any applicable local rule. To the extent any material belonging to non-parties is in the possession, custody, or control of a Party, and is permitted to be produced in this matter, it may be produced under the provisions of this Protective Order.

6.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for that particular litigation;

(b)      not more than two (2) In-House counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that each such person has agreed to be bound by the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      not more than one (1) In-House representative for the Receiving Party to whom disclosure is reasonably necessary for this case, provided that each such person has agreed to be bound by the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary this case provided that: (1) such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (2) such Expert is not a current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or a competitor of a Party; (3) the procedures set forth in paragraph 6.5(a), below, have been followed; and (4) no unresolved objections to such disclosure remain;

(e)      the court, jury, and court personnel;

(f)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced provided they have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A hereto;

(g)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

(i)     Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(j)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(k)     Any other person with the prior written consent of the Producing Party.

6.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in that particular litigation;

(b)     Experts of the Receiving Party to whom disclosure is reasonably necessary this case provided that: (1) such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (2) such Expert is not a current officer, director or employee of a Party or of a

competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or a competitor of a Party, (3) the procedures set forth in paragraph 6.5(a), below, have been followed, and (4) no unresolved objections to such disclosure remain;

(c)     the court, jury and court personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced provided they have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A hereto;

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party; and

(f)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(g)     Any other person with the prior written consent of the Producing Party.

6.4     <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>.

To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing party may designate Source Code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to the following persons:

(a) the Receiving Party's Outside Counsel of Record in the above-captioned action in which it is produced as well as employees of such Outside Counsel of Record to whom it is reasonably necessary to disclose the information for that particular litigation;

(b) Experts of the Receiving Party to whom disclosure is reasonably necessary this case provided that: (1) such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (2) such Expert is not a current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or a competitor of a Party, (3) the procedures set forth in paragraph 6.5(a), below, have been followed, and (4) no unresolved objections remain; and

(c) the court, jury and court personnel;

(d) court reporters and their staff; and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party;

(f) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(g)     Any other person with the prior written consent of the Producing Party.

6.5     Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL,"
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL
– SOURCE CODE" Information or Items to Experts.

(a)     Unless otherwise ordered by the court or agreed to in writing by the
Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order)
any information or item that has been designated "CONFIDENTIAL," "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –
SOURCE CODE" pursuant to paragraphs 6.2(c), 6.3(c) and 6.4(b) first must make a written request
via e-mail to the Designating Party's Outside Counsel of Record that (1) sets forth the full name of
the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's
current resume, including a list of publications from the past ten years, (3) identifies the present
employer and title of the Person; (4) includes a list of any known present or former relationships or
engagements between the Expert and any Party or known competitor of a Party; (4) identifies all of
the Person's past and current employment and consulting relationships (confidential and non-
confidential) in the last five (5) years relating to the Patents-in-Suit; (5) identify all pending patent
applications that relate to the subject of the Patents-in-Suit on which the Expert is named as an
inventor, or in which the Expert has any ownership interest; and (6) identifies (by name and number
of the case and location of court) any litigation in connection with which the Expert has offered
expert testimony, including through a declaration, report, or testimony at a deposition or trial, during
the preceding four years. The Designating Party shall have seven (7) business days after such notice
is given to object in writing via e-mail to the Receiving Party's Outside Counsel of Record that made
the written e-mail request disclosing the Expert. The seven (7) business-day review period shall be

tolled until such time as the Receiving Party or Parties receives the information requested. In the absence of an objection at the end of the seven (7)-business-day period, the Person shall be deemed approved under this Protective Order.

(b)     A Receiving Party that makes a request and provides the information specified in the preceding respective paragraphs shall not disclose the subject Protected Material to the identified Expert until expiration of the 7 day notice period. Any such objection must set forth in detail the grounds on which it is based. If during the notice period the Designating Party serves an objection upon the Receiving Party desiring to disclose Protected Material to the Expert, there shall be no disclosure of Protected Material to such individual pending resolution of the objection.

(c)     A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) business days after the written objection is served. The Designating Party shall then have fourteen (14) business days after such objection is served to, if no agreement is reached, contact the Court pursuant to Section 4(f) of the Scheduling Order. Any motion filed pursuant to this paragraph must describe the circumstances with specificity, and set forth in detail the reasons why the disclosure to the Expert should not be made. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought from the

18

Court within that time, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

No document designated by a Designating Party as Protected Material shall be disclosed by a Receiving Party to an Expert until after the individual has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Such written agreement shall be retained by the Outside Counsel of Record for the party that has retained the Expert, but need not be disclosed to any other Party.

The failure of a Producing Party to object to the receipt of its Protected Material by a person designated by a Receiving Party under Paragraph 12 shall in no way prejudice the Producing Party's right to later move to exclude such person's testimony or written report on grounds other than the propriety of such person's access to the Producing Party's Protected Material.

6.6     It is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" which is provided from the opposing Party to such Outside Counsel of Record in his or her respective action, provided that such rendering of advice and opinions shall not reveal the content of such information, other than in summary form, except by prior written agreement with counsel for the Producing Party. For the avoidance of doubt, nothing in this provision permits the use or disclosure by a party in one of the above-captioned actions of Confidential Information or Items originally produced by a Defendant in another of the above-captioned actions absent agreement of the producing Defendant and/or separate order of the Court.

6.7     Nothing in this Stipulation and Order shall be construed as preventing Outside Counsel for defendants in any of the above-captioned actions from discussing amongst themselves any of plaintiffs' information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to which each such Outside Counsel individually has lawful access through plaintiffs' productions and/or disclosures in the respective actions.

## 7.    **PROSECUTION BAR**

Absent written consent from the Producing Party, notwithstanding any other provisions of this Protective Order, under no circumstances shall any person employed by, related to, or representing the Parties, who has reviewed and/or learned any technical-related Protected Material regarding products or technology of another party designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," or any information contained therein, engage in any Prosecution Activity (as defined below) on behalf of a Party asserting a patent in these actions. For purposes of this paragraph, "prosecution" includes (1) advising on, consulting on, preparing, prosecuting, drafting, editing, or amending applications, specifications, claims or responses to offices actions or otherwise affecting the disclosure in any patent applications or specifications or the scope of claims in patents or patent applications, or supervision of the aforementioned, whether in connection with a design or utility patent, and either in the United States or abroad on behalf of a patentee or assignee of patentee's rights; or (2) preparing patent claim(s) on behalf of a patentee or assignee of patentee's rights relating to the Patents-in-Suit and/or subject matter of information disclosed in such Protected Material before any foreign or domestic agency, including without limitation the U.S. Patent and Trademark Office. To avoid any doubt, "Prosecution Activity" as used in this paragraphs does not include representing a Party before a domestic or foreign agency in connection with a reissue protest, *ex parte*

reexamination, *inter partes* reexamination, *inter partes* review, or other form of post-grant review and, accordingly, this Prosecution Bar permits an attorney, expert or other person for the Receiving Party to represent a Party before a domestic or foreign agency in connection with a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, or other form of post-grant review. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end eighteen (18) months after final termination of the particular action in question.

The restrictions in this Prosecution Bar are personal to the person obtaining, receiving or learning "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," information and shall not be imputed to any other person or entity.

## 8.   SOURCE CODE

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code. Source code includes, but is not limited to, files in programming languages such as C++, Java, and Flash. For the avoidance of doubt, the Producing Party may designate as source code make files, link files, algorithms, pseudocode, and other human-readable files used in the generation, building or compiling of software or firmware. Production or designation of Confidential Source Code shall not be construed as a representation or admission by a party that Confidential Source Code is properly discoverable in this action, nor does the inclusion of Confidential Source Code as part of this agreement obligate any party to produce Confidential Source Code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed only to the individuals as set forth in Paragraph 6.4. The following additional restrictions shall apply to the inspection and production of HIGHLY CONFIDENTIAL - SOURCE CODE, unless otherwise advised by the Producing Party or otherwise Ordered by the Court:

(c)     Any source code produced in discovery shall be made available for inspection, in electronic format. The Producing Party shall produce source code for inspection in electronic format at the offices of its counsel, or at another location mutually agreed on by the parties. Any single reviewing session (conducted during one business day or during consecutive business days of review) shall be conducted during regular business hours (9:00 A.M. to 6:00

P.M. local time) on seven (7) calendar days' written (including email) notice, or during such other hours as may be mutually and reasonably agreed upon on reasonable notice.

(d)     Source code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     The source code shall be made available for inspection on a stand-alone secured computer in a secured room without Internet access or network access to other computers (the "Source Code Computer") and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection. The secured computer may be password protected and shall have the Source Code stored on a hard drive contained inside the computer or, at the supplier's election, otherwise accessible on the secure computer. The stand-alone computer

may be connected to a printer provided by the Producing Party solely for the limited purposes permitted in paragraph 8(d)(vii) below.

(ii)     No recordable media or recordable devices, including, without limitation, sound recorders, computers, personal digital assistants, cellular telephones, peripheral equipment, cameras, voice recorders, Dictaphones, telephone jacks, CDs, DVDs or drives of any kind, shall be permitted into the Source Code Review Room. No non-electronic devices or other means capable of similar functionality shall be permitted in the Source Code Review Room. The Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device absent prior agreement of the Producing Party.

(iii)     The electronic source code shall be produced as it is kept in the normal course of business, or as it would be collected in the normal course of business. The Receiving Party's outside counsel and/or Experts shall be entitled to take handwritten notes relating to the source code but may not copy the Source Code into the notes. Such notes shall only contain the mental impressions or comments of the reviewer regarding the Source Code rather than transcription of the Source Code. Such notes shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE". No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided in this Protective Order. Further, no other written or electronic record of the source code is permitted except as otherwise provided in this Protective Order. Only persons who can review Source Code under Paragraph 6.4 may view such notes, and shall do so in a manner consistent with the restrictions on material designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

(iv)     The secured computer shall include software utilities which will allow counsel and experts to view and search the source code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, and (b) search for a given pattern of

23

text through a number of files. Should the Receiving Party desire to have specific software tools installed on the source code computer, the Receiving Party shall provide the CD, DVD, or website link(s) containing such tools to the Producing Party at least five (5) days prior to any schedule source code review.

(v)     All persons who will review Source Code on behalf of a Receiving Party shall be named in writing to the Producing Party at least three (3) days in advance of the review. Such a writing shall be in addition to any disclosure required under this Order. The Producing Party may maintain a log of each person who reviews Source Code.

(vi)     The Receiving Party may print copies of reasonable portions of the source code identified in a reasonable manner, and the Producing Party may be permitted to make a log of all printed Source Code files. Wholesale printing of the Source Code is not permitted. The Receiving Party shall only print Source Code to the extent reasonably necessary to prepare court filings, expert reports, and trial exhibits, and shall print only such portions as are relevant to the claims and defenses in this case and are reasonably necessary for such purpose. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing the Source Code electronically on the secured computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere. The Parties are presumptively limited to printing no more than 150 pages of Source Code in total, with no more than 20 consecutive pages from any section or file of the Source Code. The Parties agree to negotiate these presumptive limits in good faith in the event the Parties request leave to exceed the above limits. The Producing party may object to such a request, but shall not unreasonably deny such a request.

(vii)     Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing party. The Producing Party shall Bates number, copy, and label

24

the printed pages as "HIGHLY CONFIDENTIAL – SOURCE CODE." Within five (5) business days from the date on which such pages were printed, the Producing Party shall provide one copy set of such pages to the Receiving Party. If the Producing Party objects in any manner to the production of the requested Source Code (e.g., the request is too voluminous), the Producing Party shall make such objection known to the Receiving Party within five (5) business days of the identification of any files by the Receiving party. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of the dispute. The paper copies must be kept in a secured location at the offices of the Receiving Party's Outside Counsel at all times. The Receiving Party may make no more than two (2) additional paper copies of any portions of the source code files, not including copies attached to court filings or trial and hearing demonstrative exhibits. The Receiving Party shall only make two (2) additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), or (2) necessary for deposition. To the extent the Receiving Party seeks to make additional paper copies of the Producing Party's Source Code, the Parties shall meet and confer in good faith. The Receiving Party shall request printing of only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. Such printouts are to be of minimum 10-point, fixed-width font, and shall not exceed sixty-five (65) lines of text per page. The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth herein whereby the Producing Party is the "Challenging Party," and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

     (viii)  Except as provided in this Protective Order, no electronic copies of the electronic source code shall be made.

(ix)     Unless otherwise agreed in advance by the parties in writing, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the source code viewing room that may contain work product and/or attorney-client privileged information at the end of each day. Materials inadvertently left in the source code viewing room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly. The Producing Party shall not be responsible for any items left in the source code viewing room.

(x)     Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers and the Party that brought the source code to the deposition will keep possession of the marked deposition source code exhibit. If the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall store the exhibit in its marked form and provide one copy to outside counsel for the other Party.

(xi)     Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party and any persons receiving source code from Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code). A party may make and use snippets and images of the source code if necessary for court filings, expert reports, discovery responses and other similar documents. All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal. Unless agreed by the

parties, images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead).

9.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Other Proceedings. By entering this order and limiting the disclosure of information in each of the respective above-captioned actions, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in an above-captioned action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with that particular litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information and Protected Material) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity. If any Receiving Party recognizes that any Producing Party (or Non-Party) may have inadvertently produced such protected information, it shall notify the Producing Party promptly, and follow such procedures as set forth in this Order. If, after recognizing that privileged information has been produced or disclosed (through notice by a Receiving Party or otherwise), the Producing Party who made the inadvertent production or disclosure sends to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time. Within ten (10) days of receiving such a request, the Receiving Party shall (a) return to the Producing Party all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been inadvertently produced, and (b) delete any electronic records thereof (with the exception of back-up tapes or other archival media, which should be treated in accordance with standard retention policies). The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph (a) below.

(a)    If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party ("Notice of Designation"). The Receiving Party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation. The copy retained by

the Receiving Party must be sequestered, and may not be used for any purpose except to present the

information to the Court for a determination of the claim of privilege.

(b)     Within five (5) business days after receiving a Notice of Designation, the

Producing Party shall provide to the Receiving Party for each such document or thing a description

of the basis for the claim of privilege or immunity.

(c)     Within five (5) business days after receiving such description, the Receiving

Party may seek relief from the Court to compel production of such documents and things, the

protection of which is still disputed. Any motion filed pursuant to this paragraph shall be filed under

seal in accordance with the procedures set forth herein for filing Protected Material with the court.

If the Receiving Party does not contact the Court pursuant to Section 4(f) of the Scheduling Order

to contest the designation within such five (5) business-day period, the one (1) copy, if any, retained

by the Receiving Party as set forth in subparagraph (a) of this section 12 shall be immediately

returned to the Producing Party. Likewise, in the event that the Court rejects the Receiving Party's

challenge to the privileged status of the inadvertent production, the one (1) copy, if any, retained by

the Receiving Party as set forth in subparagraph (a) of this section 12 shall be immediately returned

to the Producing Party.

(d)     With respect to documents and things subsequently generated by a Receiving

Party, which documents and things contain information derived from such inadvertently produced

documents and things, if the Receiving Party does not notify the Producing Party that the Receiving

Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court

rejects any challenge by the Receiving Party to the privileged status of the inadvertent production,

the Receiving Party shall make reasonable efforts to either destroy the derivative documents and

things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e)     The procedures set forth in this section 12 for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity. There shall be no waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity for an inadvertent disclosure or production if the Producing Party complies with the procedures set forth in this Section 12 with respect to such inadvertent disclosure or production.

## 13.     **MISCELLANEOUS**

13.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3     <u>Filing Protected Material</u>. All documents of any nature, including briefs, that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and that are filed with the Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for the Eastern District of Texas. The parties filing any brief, memorandum, motion, letter or other document (a "Filing") under seal with the Court because the Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the provisions of this

Stipulation and Order shall comply with the provisions set forth in this Stipulation and Order, including the procedures for filing and marking such materials as set forth above. Any Party who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of this Stipulation and Order shall give written notice of his objection to the Designating Party. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

## 14. **FINAL DISPOSITION**

Within 60 days after the final disposition of an above-captioned action, as defined in paragraph 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline confirming the return or destruction of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Texas on [date] in the case of *General Access Solutions, Ltd. v. Virgin Mobile USA, L.P., et al.*, Civil Case No. 2:20-cv-00007-RWS ("the Action"). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature: _____