# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GENERAL ACCESS SOLUTIONS, LTD., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:20-CV-00007-RWS |
| v. | § § § | |
| SPRINT SPECTRUM LLC, SPRINTCOM, INC, ASSURANCE WIRELESS USA, L.P., | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Sprint's Motion to Strike Mr. Kennedy's Supplemental Opinions Related to Sprint's License Agreements. Docket No. 158. While the Court heard argument on several motions at the dispositive motions hearing on June 17, 2021, the parties rested on the briefing with regard to this matter. Having considered the briefing, the Court believes that Sprint's motion should be **GRANTED**.

## BACKGROUND

General Access's damages expert, David. Kennedy, served his opening expert report on December 18, 2020. Docket No. 158-3. Mr. Kennedy's opening report contains a section on "Relevant License Agreements," which addressed seven agreements produced in this litigation. Docket No. 158-3 ¶¶ 225–236 (addressing Sprint license agreements), 245–247 (addressing agreements with ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ For each agreement, Mr. Kennedy described basic information, such as title, execution date, general license terms and payment provisions. *Id.* ¶¶ 225–247. Mr. Kennedy's opening report discussed Sprint's Venkee agreement, but it did not address the Sprint-MTEL agreement. *Id.* at ¶¶ 233–234, 239–240.

On February 3, 2021, Mr. Kennedy filed a supplemental report. Docket No. 158-4. As part of that report, Mr. Kennedy offered opinions concerning the Sprint-MTEL agreement and an additional technical comparability analysis of the Venkee agreement. *Id.* ¶¶ 12–26. His technical comparability opinions were based on a discussion with General Access's technical expert, Dr. Vijay Madisetti. *Id.* ¶¶ 18–20, 23–26. Dr. Madisetti did not include any of the opinions relied on by Mr. Kennedy in his own expert report. Mr. Kennedy's supplemental report was served around 8 p.m. CST after the first day of Dr. Madisetti's two-day deposition. *See* Docket No. 158-2.

The parties do not dispute that the Venkee and Sprint-MTEL agreements were produced on June 11, 2020, and November 3, 2020, respectively.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 requires an expert report to set forth "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i). A failure to comply with this requirement warrants exclusion of the opinion under Rule 37(c). *See* FED. R. CIV. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Rule 26's purpose is to "avoid the disclosure of 'sketchy and vague' expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (citing FED. R. CIV. P. 26 Advisory Note). To assess the admissibility of a late supplemental report, the Court considers four factors: "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order." *See id.* at 572.

## DISCUSSION

Sprint requests that Mr. Kennedy's supplemental opinions concerning Sprint's MTEL and Venkee agreements be stricken because (1) they constitute an improper attempt by a damages expert to backdoor otherwise undisclosed technical opinions into this case, and (2) a supplemental report cannot be used as a vehicle to belatedly offer new opinions that an expert could have offered in his opening report. Docket No. 158 at 3–4. One, Sprint argues that it will be prejudiced if Mr. Kennedy is permitted to testify as to his supplemental opinions concerning the Venkee and Sprint-MTEL agreements because his opinions largely parrot opinions of Dr. Madisetti that were never disclosed. *Id.* at 4. Sprint asserts that Dr. Madisetti has not served an expert report that addresses the technical comparability of the Venkee or Sprint-MTEL agreements. *Id.* Sprint argues that if Dr. Madisetti was to offer technical comparability opinions on the agreements at trial, he was required to disclose them in his expert report. *Id.* (citing FED. R. CIV. P. 26(a)(2)(B), 37(c); *Witt v. Chesapeake Expl., L.L.C.*, No. 2:10-cv-22-TJW, 2011 WL 2790174, at *2–3 (E.D. Tex. July 14, 2011) (excluding testimony on issues outside of expert's report)). And should Mr. Kennedy be permitted to describe Dr. Madisetti's untested conclusions concerning technical comparability, Sprint argues that Mr. Kennedy will be effectively offering technical opinions that he is not qualified to offer. *Id.* (citing Docket No. 158-6 at 15:12–15, 15:19–16:7 (conceding that Mr. Kennedy is not a technical expert)).

Two, Sprint asserts that Mr. Kennedy's opening report included an entire section concerning "Relevant License Agreements," which specifically addressed license agreements to which Sprint is a party. *Id.* at 5 (citing Docket No. 158-3 ¶¶ 225–247). But, Sprint argues, Mr. Kennedy chose not to offer any of the opinions concerning Venkee and Sprint-MTEL that first appeared in his supplemental report. *Id.* This is despite his opening report listing basic identifying information regarding the Venkee agreement (Docket No. 158-4 ¶¶ 21–24) and addressing

███████████████████ which involves the same patents as Sprint's agreement (*id.* ¶ 16; Docket No. 158-3 ¶¶ 239–240). Docket No. 158 at 5–6. Sprint argues that Mr. Kennedy's failure to properly analyze the Venkee and Sprint-MTEL agreements is inexcusable, as both agreements were produced long before service of his report. *Id.* at 6.

General Access responds that the four-factor test for allowing supplementation of an expert report weighs in favor of denying Sprint's motion to strike. One, General Access argues that Sprint's damages expert, Julie Davis, relies on only the Sprint-MTEL agreement as material to the amount of damages in this case, thus it is important that General Access's damages expert be allowed to respond to these opinions. Docket No. 189 at 6. Two, General Access argues that there is no unfair prejudice to Sprint in allowing Mr. Kennedy to respond to Ms. Davis's discussion of the Sprint-MTEL agreement. *Id.* Further, General Access asserts that Ms. Davis has already served a supplemental report responding to Mr. Kennedy's supplemental report. *Id.* at 7. Three, General Access argues that there is no prejudice to cure. *Id.* Four, General Access argues that supplementation is needed because prior to serving his report, Mr. Kennedy had no reason to think that Sprint's expert would contend that the patents in the Sprint-MTEL agreement were technically comparable to the '931 Patent or that the agreement is significant to a damages analysis here. *Id.*

General Access also responds that Dr. Kennedy should not be precluded from relying on information provided by Dr. Madisetti because Dr. Madisetti did not know prior to the submission of his original report that Sprint would contend that the patents in the MTEL agreements were technically comparable. *Id.* at 8. Further, General Access argues that Sprint's complaint that Dr. Madisetti's views are not set forth in his own report elevates form over substance. *Id.* General Access asserts that the information provided by Dr. Madisetti is fully disclosed in Mr. Kennedy's supplemental report. *Id.* And General Access argues that Sprint had an opportunity to question

Dr. Madisetti about his opinions, as General Access provided Mr. Kennedy's supplemental report to Sprint before the second day of Dr. Madisetti's deposition. *Id.*

Sprint's Motion to Strike Mr. Kennedy's Supplemental Opinions Related to Sprint's License Agreements (Docket No. 158) is **GRANTED**. It is axiomatic that any expert opinion a party intends to rely on at trial must be disclosed in that expert's report. Dr. Madisetti's technical comparability opinions were not disclosed in his expert report and Dr. Madisetti, Mr. Kennedy and General Access may not rely on those technical comparability opinions at trial. Mr. Kennedy is not a technical expert and is thus not competent to opine on the technical comparability of the agreements. As to any remaining opinions regarding the Sprint-MTEL agreement in Mr. Kennedy's supplemental report, any argument General Access proffers for Mr. Kennedy's failure to include the opinions in his opening report is unavailing. Mr. Kennedy discussed seven other agreements in his opening report, including ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ And the Sprint-MTEL agreement was disclosed well before Mr. Kennedy's opening report was due. This failure alone outweighs the other three factors of the test for supplementation, which would—at best—be neutral for General Access. It is thus

**ORDERED** that the portions of Mr. Kennedy's supplemental expert report on the Venkee and Sprint-MTEL agreements is **STRICKEN**. It is further

**ORDERED** that within 7 days of the issuance of this order, the parties shall jointly submit a proposed redacted version of this sealed order so that a public version can be made available.

**So ORDERED and SIGNED this 28th day of July, 2021.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE